

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2004

# USA v. Senesouk

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1213

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Senesouk" (2004). *2004 Decisions.* Paper 261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1213
_____

UNITED STATES OF AMERICA

v.

PHITSAMY SENESOUK
a/k/a
"Peace Man"

Phitsamy Senesouk,

Appellant

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No.: 02-cr-00103-1
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a) September 20, 2004

Before: McKEE, ROSENN, and WEIS, Circuit Judges

(Filed: October 4, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Phitsamy Senesouk is a legal resident alien.  As a  result of his guilty plea for

cocaine distribution, Senesouk is subject to deportation at the conclusion of his incarceration. At his sentencing proceeding, Senesouk asked the District Court to depart downward from the Guidelines based on, *inter alia*, the notion that his deportability exacerbated his sentence. Senesouk asserted that his actual sentence would be lengthened because of the inevitable incarceration that results from awaiting deportation. Although the District Court appreciated Senesouk's position and even "found some logic to it," the District Court denied Senesouk's motion for a downward departure, stating that Senesouk's deportability did not "support[] a downward departure in this case."

Senesouk contends that the basis for the District Court's decision is unclear. In his view, the District Court's decision could be based on either: 1) an erroneous interpretation of the law (i.e., that the District Court believed it lacked the authority under U.S.S.G. § 5K2.0[1] to grant a downward departure on the basis of Senesouk's status as a deportable alien); or 2) the District Court believed it had discretion, but chose not to exercise it. Because of this ambiguity, Senesouk requests that this court reverse and remand for resentencing with instructions that it is appropriate to consider his deportability as a basis for a downward departure.

To the extent Senesouk alleges that the District Court committed legal error when imposing his sentence, this court has jurisdiction under 18 U.S.C. § 3742. See United

---

[1]U.S.S.G. § 5K2.0 provides in relevant part, "[t]he sentencing court may depart from the applicable guideline range if . . . the court finds . . . that there exists an aggravating or mitigating circumstance."

States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991). However, to the extent this appeal attacks the District Court's exercise of discretion in refusing to depart downward from the Guidelines, it must be dismissed for lack of appellate jurisdiction. See United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989).

Senesouk pled guilty to two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). As a result of receiving two prior felony drug convictions, Senesouk qualified as a "career offender" under U.S.S.G. § 4B1.1. This resulted in a Guidelines range of 151-188 months in prison and a criminal history category designation of VI. On July 30, 2003, Senesouk filed a motion for downward departure from the Guidelines based on three separate grounds: 1) Senesouk's criminal history category of VI "significantly over-represented the seriousness of his prior criminal record"; 2) Senesouk had "trouble assimilating himself into the American culture"; and 3) Senesouk's status as a potentially deportable alien "will result in unusual or exceptional hardship in his conditions of confinement." Senesouk formally withdrew his motion based on assimilation grounds at the January 15, 2004 sentencing hearing. At the same hearing, the District Court denied Senesouk's remaining motions for downward departure. Senesouk timely appealed.

A review of the record shows that the District Court believed it had the authority to depart, but exercised its discretion to the contrary. Although the District Court did not expressly state that it knew that it had the authority to depart, this court has held that

3

"such recitals are not mandatory." United States v. Mummert, 34 F.3d 201, 206 (3d Cir. 1994) (citing Georgiadis, 933 F.2d at 1222). The District Court's language and its actions at the sentencing hearing establish that the District Court believed that it had the authority to take Senesouk's deportability into account, but made a discretionary decision not to exercise it.

At the sentencing hearing, the District Court asked Senesouk to articulate exactly what it was about his deportation that merited a downward departure, and listened to him argue the merits. The District Court then allowed the government to state its position. The District Court responded to Senesouk's argument by stating, "while I understand your position, and there is some logic to it . . . I don't see it as supporting a downward departure in this case." Use of the phrase "in this case" suggests that the District Court believed that deportation may constitute sufficient grounds for a downward departure in certain cases, although not in the present one. That is, the District Court's choice of words suggests a willingness to take deportation into consideration in situations where it finds that deportation sufficiently exacerbates the defendant's condition.

Although this court has never expressly stated that deportability is a valid factor to be taken into consideration, see, e.g., United States v. Marin-Castaneda, 134 F.3d 551, 554 (3d Cir. 1998) (choosing not to address the appropriateness of deportation as a grounds for downward departure because the defendant did not argue that deportability exacerbated his sentence), the District Court's comments and actions at the sentencing

4

hearing are inconsistent with the notion that it believed it was precluded from taking deportability into consideration. Because the District Court seemed to indicate that a downward departure for deportation is permissible under *some* circumstances, we are persuaded that the District Court's refusal to depart on this ground was discretionary. Where the District Court's ruling is based on an exercise of discretion, the appellate court lacks jurisdiction. United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000). United States v. Farouil, 124 F.3d 838 (7th Cir. 1997), cited by appellant, is distinguished on its facts, and adds little to the analysis.

Accordingly, the appeal is dismissed for want of appellate jurisdiction.